IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHNNY LEE KNUDSEN,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-36-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Johnny Lee Knudsen's application for writ of habeas corpus under 28 U.S.C. § 2254. Knudsen is a state prisoner proceeding pro se.

On March 24, 2014, the Court ordered Respondents ("the State") to file the transcripts of Knudsen's change of plea and sentencing hearings "as well as any other transcript that may be relevant to the claims in the petition." Order (Doc. 5) at 3 ¶ 2. The State filed the change of plea and sentencing transcripts on April 30. 2014. In addition, the Court has reviewed the Judgment, opinion of the Montana Supreme Court on state habeas review, and Amended Judgment,[1] all of which were provided by Knudsen when he filed his petition.

---

[1] Only five pages of the Amended Judgment were provided, but those pages fully describe the terms of the prison- and suspended-time imposed.

Knudsen alleges, first, that Counts 1 and 2 were multiplicitous, because stealing a vehicle necessarily includes stealing its contents. Pet. Supp. (Doc. 1-1) at 2-3. He also claims that Counts 3 and 4 constituted double jeopardy because he committed burglary in order to commit theft, so he cannot be convicted and sentenced to consecutive terms for each. *Id.* at 7-8. Second, he claims counsel was ineffective for failing to identify these issues, for failing to ensure his case was properly investigated, and for allowing him to receive an illegal sentence. *Id.* at 3-6, 8-9, 11. He also asserts prosecutorial and judicial misconduct. *E.g.*, *id.* at 4, 5.

The Court has reviewed all the documents filed in the case. On initial review, it appeared that Knudsen's petition was likely procedurally defaulted and time-barred. But the transcripts of the change of plea and sentencing hearings, read in light of Knudsen's original submissions, demonstrate that a new plea bargain was orally reached at the time of resentencing. *See, e.g.*, Pet. Supp. (Doc. 1-1) at 9, 11, and that agreement might revive claims otherwise barred. While Knudsen's time to appeal from the resentencing has expired, Mont. R. App. P. 4(5)(b)(i), his time to file a petition for postconviction relief has not, Mont. Code Ann. § 46-21-102(1). While he refers to a waiver, Pet. Supp. at 9, the scope of the waiver is not clear. Moreover, the Court is not aware of any Montana case addressing the enforceability of a waiver of the right to file for postconviction relief generally, *see, e.g.*, *Hardin v. State*, 146 P.3d 746, 749 ¶ 9, ¶ 12 (Mont. 2006)

(not discussing State's argument below that petitioner waived postconviction proceedings and should have raised claims on direct review); *Lout v. State*, 111 P.3d 199, 200 ¶ 6, 201-02 ¶¶ 13-21 (Mont. 2005) (considering postconviction claims despite noting petitioner's waiver of post-conviction relief in plea agreement). Nor has the Court identified a Montana case addressing the enforceability of a waiver of the right to assert a claim of ineffective assistance of counsel specifically, or a Montana case addressing whether claims forfeited by waiver of appeal may be reinstated if a postconviction petitioner demonstrates a Sixth Amendment violation underlying his agreement to waive appeal. In short, to whatever extent there was a waiver, its effect must be considered by the state courts.

This Court has not made and does not mean to imply any decision for or against either party on the merits of Knudsen's claims. The Court only finds that, in light of the documents before the Court – and particularly because it appears the plea bargain was re-negotiated before resentencing – it is not possible conclusively to say that all available state remedies have been exhausted on any of Knudsen's claims.

Where a state prisoner *may* exhaust additional state remedies, he *must* do so before filing in federal court. *See Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989); *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002). Although Knudsen

asks that this Court "not remand me back to the district court for any reason," Pet. Supp. at 10, the law requires that he exhaust in the state courts the remedies the State makes available to him. *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

A federal court may not stay a federal petition containing no exhausted claims. Moreover, given the timing of both the original judgment and the amended judgment, it is reasonably clear that dismissal of this petition at this time will not create any new issues with the federal limitations period – that is, no issues that were not already present when Knudsen filed this petition.

A certificate of appealability should be denied. Whatever the merits of Knudsen's claims, 28 U.S.C. § 2253(c)(2), there is no room to doubt that he must proceed first in state court, *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). It is clear that Knudsen has not fully and fairly presented *any* of his federal claims for relief in the state courts. It is not clear whether he may still present all of them in state court – one or more may be barred. But lack of clarity on this point means he cannot proceed at this time in federal court. Because there is a statute of limitations on state postconviction petitions, *see* Mont. Code Ann. § 46-21-102(1), if Knudsen wishes to proceed, he should proceed expeditiously in state court.

There is no reason to encourage further proceedings in federal court at this time. A certificate of appealability should be denied.

4

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED without prejudice for lack of exhaustion.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Knudsen may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Knudsen must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 29th day of September, 2014.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.